ROYAL J. MANSFIELD, PLAINTIFF, v. COUNTY OF MON-
MOUTH AND COMMERCIAL CASUALTY INSURANCE
COMPANY, DEFENDANTS.

Argued October term, 1927—Decided February 8, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff and Commercial Casualty Insurance Company, *Andrew J. Whinery.*

On the brief, *Colley E. Williams.*

For the defendant, *William S. Stevens.*

On the brief, *John S. Applegate.*

PER CURIAM.

The case was tried at the Bergen Circuit before the court and a jury. The jury rendered a verdict for the plaintiff in the sum of $20,000, after which this rule to show cause was granted.

The reasons for the rule were that there was a denial of a motion for nonsuit, to which the defendants deemed they were entitled, and also that they were entitled to a direction of a verdict, and also that the verdict was against the weight of the evidence.

The plaintiff entered into a contract with the defendant the county of Monmouth for the construction of a bridge at a cost of $62,500, in conformity with certain plans and specifications on file, which were made part of the contract. The contractor encountered difficulties from the start, owing to subsurface conditions, and refused to proceed with the work without· extra compensation. The county declared that the contract was thereby abandoned and contracted with another company to complete the work.

The plaintiff brought action for $45,900 for a breach of the contract, upon the theory that certain alleged representations, both express and implied, contained in the plans and specifications, and in the engineer's report accompanying the same, were in the nature of warranties and were false, to the damage of the plaintiff.

The defendant brought into the suit the contractor's bondsman, the Commercial Casualty Company, and counterclaimed for some $18,000, being the cost of the completion of the work over the contract price.

The matter was referred to Supreme Court Commissioner Andrew Van Blarcom, as referee appointed by the court to make a just and true report after taking an account between the parties as to what judgment should be entered. The referee came to the conclusion, after an examination of the facts and the general situation, that the county was entitled to recover $11,035, and judgment was entered therefor against the plaintiff and the defendant the Commercial Casualty Insurance Company, with interest. Under a reservation made at the time of entering the order of reference, the defendant, upon the filing of the referee's report, made a demand for a jury trial, which trial resulted in the present record, as a result of which the jury found for the plaintiff for $20,000.

Accompanying the plans and specifications sent to all bidders was the boring report of the assistant county engineer, which stated that about twenty feet below the stream level a very hard stratum of sand and clay or marl was encountered and continued therein for a depth of thirty-nine feet below stream level; as a matter of fact boiling sand or quicksand was found at that depth. Plaintiff contends that this report,

purporting to show conditions found to exist as a result of two borings and reports, was in the nature of a warranty. The discovery of the sand caused some delay, whereupon the parties modified the contract by a supplemental agreement providing for piling below plane thirteen, twenty feet. The contractor in attempting to drive piles met obstructions by reason of submerged masses of old concrete. The plans showed at one place a submerged wall and mudsill. The contractor contends that, inasmuch as this submerged wall was indicated, it was tantamount to a representation or warranty that no other subsurface obstructions would be encountered, and that this alone was the sole obstruction.

The plaintiff also contended that the law implies a warranty, where plans and specifications provide for concrete abutments to be constructed to a certain depth, that the earth at that depth will support that abutment.

The Circuit Court judge discussed the question of warranty at some length before the jury.

It was also contended that the supplemental contract was tantamount to a novation between the parties. We are not impressed with the idea of a novation in this situation. The contract was not entirely new and complete revision of the existing contract, but rather in the nature of a supplement to an existing contract which was changed only in those particulars described in the supplement, which was entered into only for the purpose of modifying the existing contract, so far as to relieve the contractor from the obligation connected with the obstructions which he had met.

We have examined the charge of the trial judge in regard to the subject of warranty, and can find no legal objection thereto.

We have also considered the evidence in all its bearings upon the question of the liability of the defendant under the evidence in the case, and while the subject is entirely a debatable one from almost every angle, we are not prepared to say that the verdict of the jury must be considered as against the weight of the evidence, and we have therefore concluded that the rule should be discharged.